**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 5 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEONARDO AMARO-BORILLA, | No. 16-70337 |
| Petitioner, | Agency No. A090-514-817 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2020[**]
Pasadena, California

Before: IKUTA and LEE, Circuit Judges, and MARBLEY,[***] District Judge.

Leonardo Amaro-Borilla, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeal's decision affirming an Immigration Judge's denial of: (i) his application for withholding of removal and relief under the Convention Against Torture; and (ii) his motion for recusal. We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Algenon L. Marbley, Chief United States District Judge for the Southern District of Ohio, sitting by designation.

under 8 U.S.C. § 1252, and we deny the petition.

1.     We review the denial of withholding of removal and CAT relief for substantial evidence. *See Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016). We must deny the petition unless "the evidence not only *supports* a contrary conclusion, but *compels* it." *See id.* (emphasis in original). Where, as here, the BIA "adopts the decision of the IJ," we review "the IJ's decision as if it were that of the BIA." *Abebe v. Gonzales*, 432 F.3d 1037, 1039 (9th Cir. 2005) (citations omitted).

Substantial evidence supports the IJ's adverse credibility determination. First, the IJ's determination that Amaro-Borilla embellished his testimony that he assisted a homicide prosecution is supported by record evidence showing that he disrupted the prosecution's trial efforts by lying on the stand. Second, Amaro-Borilla's testimony of being on the Mexican Mafia's irrevocable death list is inconsistent with his admission of regular non-violent interactions with Mexican Mafia members. And third, his testimony regarding danger in Mexico does not compel a finding that drug cartels will be able to identify and target Amaro-Borilla. These deficiencies in Amaro-Borilla's testimony undermine his claim that, if removed to Mexico, he will be harmed by cartel members at the behest of the Mexican Mafia due to his cooperation with law enforcement. *See Singh v. Lynch*, 802 F.3d 972, 975-77 (9th Cir. 2015) (adverse credibility determination supported by substantial evidence based on testimony's "inherent implausibility" and "inconsistency with record

2

evidence").

Based on Amaro-Borilla's insufficient testimony, the evidence does not compel a finding of probable persecution or torture in Mexico. *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010). Accordingly, the BIA did not err in affirming the denial of withholding of removal and CAT relief.

2.      We review *de novo* the denial of a motion for recusal. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 921-25 (9th Cir. 2007). Recusal is warranted only if the IJ demonstrated "a deep-seated favoritism or antagonism that would make fair judgment impossible." *See id*. at 925 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

Amaro-Borilla is unable to satisfy this standard. The IJ's comments regarding Amaro-Borilla's credibility reflect no "deep-seated" bias, the reference to Amaro-Borilla's gang membership was relevant to the plausibility of his testimony, and the referral of his recusal motion to the disciplinary committee was based on a concern regarding forum shopping. Amaro-Borilla's claim of bias is further undermined by the fact that the IJ *sua sponte* reopened proceedings after Amaro-Borilla presented new evidence, affording him a second opportunity to provide testimony. Because nothing in the record suggests that that a "fair judgment" was "impossible," the denial of recusal was proper. *See id*.

**DENIED.**

3